JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiffs-appellants, DR Transportation, John C. Kealy, Carole Kealy, Century Lines, Inc., Century Logistics, Inc., and Kealy Trucking Company (collectively "DR Transportation"), appeal the December 31, 2007 trial court judgment awarding damages to defendants-appellees Bruce Shimell and ACDC Logistics, Inc. (collectively "Shimell") on their counterclaim for frivolous conduct. We dismiss for lack of a final appealable order.
 {¶ 2} The record reveals that DR Transportation is a trucking business, and Shimell was a partner in the business. In April 2003, Shimell and DR Transportation entered into an agreement of sale, under which DR Transportation was to buy out Shimell's interest in the business. As part of the agreement, the Kealys signed a cognovit promissory note to serve as personal guarantors for DR Transportation's performance under the agreement of sale. The agreement of sale also included non-compete provisions for Shimell.
 {¶ 3} On January 15, 2004, Shimell filed an action against DR Transportation (Case No. CV-519736), alleging that DR Transportation had failed to make its monthly payments to him under the agreement of sale. The court granted judgment on the cognovit note in favor of Shimell in the amount of $83,500.
 {¶ 4} On January 30, 2004, DR Transportation filed this action, alleging that Shimell and his company, ACDC Logistics, Inc., breached the terms of the non-compete provisions and as a result of the breach, DR Transportation suffered economic loss and was unable to *Page 4 
make the monthly payments to Shimell. DR Transportation sought damages for the alleged breach, an injunction against Shimell, and relief from the $83,500 judgment.
 {¶ 5} Shimell filed an answer and counterclaims, in which he alleged that DR Transportation breached the agreement of sale. Shimell also asserted claims against DR Transportation for civil abuse of process and frivolous conduct.
 {¶ 6} On May 12, 2004, the trial court stayed the case and ordered the dispute to arbitration under the terms of the agreement of sale. On January 3, 2005, the arbitrator rendered his award. The arbitrator found that DR Transportation was in default of its obligation under the note, and that it had not proved Shimell was in breach of the agreement of sale or any resulting alleged damages. The arbitrator thus awarded judgment in favor of Shimell. The arbitrator did not render a decision as to Shimell's counterclaims against DR Transportation.
 {¶ 7} Upon Shimell's motion, the stay was lifted so that his counterclaims could be addressed. Shimell filed a motion for summary judgment, and the court granted it as to the frivolous conduct claim and denied it as moot to the abuse of process of claim. After consideration of damages, the court awarded $21,429.40 to Shimell. It is that award that DR Transportation attempts to appeal.
 {¶ 8} R.C. 2711.09, governing applications for orders confirming arbitration awards, provides in relevant part that:
 {¶ 9} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order *Page 5 
confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code."
 {¶ 10} R.C. 2711.15 governing appeals from arbitration awards states that "[a]n appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award."
 {¶ 11} Reading R.C. 2711.09 and 2711.15 in pari materia, an arbitration award is not final until it is reduced to judgment. In this case, there was no motion filed to confirm, vacate, modify or correct the arbitration award and therefore, no entry was entered by the court reducing the award to judgment.
 {¶ 12} Civ. R. 54(B), governing judgment when there are multiple parties or claims, provides:
 {¶ 13} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims, * * * shall not terminate the action as to any of the claims * * *, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims * * *." *Page 6 
 {¶ 14} Because the trial court did not reduce the arbitration award to judgment, all the claims have not been disposed of in this case. Accordingly, there is no final appealable order.
 {¶ 15} Appeal dismissed for lack of a final appealable order.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and MELODY J. STEWART, J., CONCUR *Page 1